UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD ALEX MEADE,

                              Petitioner,

v.                                           Case No. 15-CV-1396-JPS

J. CHIARELLO, EDWARD WALL,
and BRAD D. SCHIMEL,

                              Respondents.          ORDER

On November 23, 2015, Edward Alex Meade filed a petition for a writ of habeas corpus. (Docket #1). The Court screened that petition and noticed that it might be untimely. (*See* Docket #8 at 3). Accordingly, the Court requested that the respondents (hereinafter "the State") address the issue of timeliness (and any other potentially-dispositive issue), after which Mr. Meade would have the opportunity to file a response and the State could file a reply. (Docket #8 at 3–4). That matter is fully briefed (Docket #13, #18, #19), and the Court now turns to decide it.

It begins by providing the timeliness standards applicable to habeas petitions filed pursuant to 28 U.S.C. § 2254, such as Mr. Meade's. A one-year limitations period applies. *See* 28 U.S.C. § 2244(d)(1). That limitations period, however, is subject to a number of special rules, such that it is often difficult to pinpoint the date on which the period has expired.

The first rule relates to the date on which the limitations period begins to run; 28 U.S.C. § 2244(d)(1) provides that the limitations period runs from the latest of:

> (1)    the date that the judgment became final following the conclusion of direct review or the expiration of the time period for seeking direct review;

(2) the date on which a State-created impediment is removed;

(3) the date on which the Supreme Court recognized a new constitutional right; or

(4) the date on which the factual predicate for a claim could have been discovered.

*See, e.g.*, 28 U.S.C. §§ 2244(d)(1)(A–D). Once the Court has determined the date on which the conviction became final, it must next determine *how much* of the limitations period has run, following that date. In determining how much of the limitations period has run, the Court must generally consider a second, third, and fourth rule, all of which are distinct but related.

The second rule is statutory tolling, pursuant to 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the limitation period.

And, if statutory tolling does not apply, then the third rule—equitable tolling, *see, e.g.*, *Holland v. Florida*, 560 U.S. 631 (2010)—might fill in to exclude some of the period between the petitioner's conviction becoming final and his filing a habeas petition. Equitable tolling, however, is reserved for extraordinary circumstances, and applies only when a petitioner has "(1) pursued his rights diligently, and (2) 'some extraordinary obstacle stood in his way and prevented timely filing.'" *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015) (citing *Holland*, 560 U.S. at 649).

Finally, if equitable tolling does not apply, then the fourth rule—the actual innocence gateway, *see McQuiggin v. Perkins*, 569 U.S. ----, 133 S.Ct. 1924, 1931 (2013)—might apply to render the limitations period inapplicable. *See Gladney*, 799 F.3d at 894 (citing *McQuiggin*, 133 S.Ct. at 1931; *Schlup v.*

*Delo*, 513 U.S. 298 (1995)). The actual innocence gateway is also very narrow, but allows a petitioner to assert an untimely claim when "'in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Gladney*, 799 F.3d at 896 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006); *Schlup*, 513 U.S. at 327; *McQuiggin*, 133 S.Ct. at 1935).

Having considered all of these rules, the Court is left to conclude that Mr. Meade's habeas petition is untimely.

First, he filed it much more than one year after his conviction became final, even after the Court has factored in statutory tolling. Mr. Meade's conviction became final on April 23, 2012, which was 90 days after the Wisconsin Supreme Court denied his petition for review in his direct appeal, at the expiration of the time for requesting certiorari before the United States Supreme Court. (Docket #13, Exs. A–C); *Gladney*, 799 F.3d at 794 (citing *Morales v. Boatwright*, 580 F.3d 653, 657 (7th Cir. 2009)). It was tolled almost immediately thereafter when Mr. Meade filed a post-conviction *Knight* petition, on April 26, 2012. (Docket #15, Ex. D). The Wisconsin Court of Appeals denied Mr. Meade's *Knight* petition on November 12, 2012, and Mr. Meade did not appeal, meaning that the limitations period started to run on that day or shortly thereafter. *See, e.g.*, *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)) (both holding that state post-conviction proceedings are "pending" during the period between a lower-court's adverse determination and a timely notice of appeal therefrom; at latest, because he did not appeal to the Wisconsin Supreme Court, the limitations period would have begun to run at the expiration of the 30 days in which he could have sought review before the Wisconsin Supreme Court, Wis. Stat. § 808.10). Mr. Meade filed another post-conviction motion on

April 15, 2013, which arguably statutorily tolled the limitations period, while it was pending before the state courts, through November 17, 2014, the date on which the Wisconsin Supreme Court denied review to hear an appeal of the case.[1] (*See* Docket #13, Ex. B); 28 U.S.C. § 2244(d)(2). Mr. Meade then waited until November 17, 2015, to file his federal habeas petition. (Docket #1). Thus, at bare minimum, far more than one year expired (the approximately 120 days following the denial of Mr. Meade's *Knight* petition and the year between November 17, 2014, and November 17, 2015).

Accordingly, Mr. Meade's petition is not timely unless equitable tolling or the actual innocence gateway applies; neither does.

Mr. Meade is not entitled to equitable tolling in light of the circumstances in this case. Mr. Meade argues that he is entitled to equitable tolling because, after the Wisconsin Court of Appeals denied his initial *Knight* petition, he had to perform additional research to file his next post-conviction motion, which took him until April 15, 2013. (Docket #18 at 2). There are two problems with this argument.

First, there was no "extraordinary obstacle" that stood in Mr. Meade's way. *See Gladney*, 799 F.3d at 894. Equitable "tolling is rare; it is 'reserved for extraordinary circumstances *far beyond the litigant's control* that prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)) (emphasis added). This requires some "discrete, identifiable impediment to the prisoner's *ability* (rather than his motivation)…to comply with the state's procedural

---

[1]The Court says that this "arguably" tolled the limitations period, because the second motion raised claims that had already been rejected, and thus likely was not "properly filed." Because the result is the same either way, the Court will construe the tolling in Mr. Meade's favor.

rules." *Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015). Here, Mr. Meade did not face any identifiable impediment to filing; he simply chose one route (a *Knight* petition) that the Wisconsin Court of Appeals rejected, and then chose to try something different. In other words, it was Mr. Meade's own choices (at worst, his lack of legal training) that caused this delay. In that way, this is not like the other cases in which the Seventh Circuit has applied equitable tolling (or found it possible): for instance, mental incompetence, *see Davis v. Humphries*, 747 F.3d 497, 498–99 (7th Cir. 2014); intentional confiscation of habeas papers by prison officials, *see Weddington v. Zatecky*, 721 F.3d 456, 464–65 (7th Cir. 2013); or the practical abandonment of counsel and deprivation of nearly all legal materials, *Socha*, 763 F.3d at 686. Mr. Meade's circumstances, on the other hand—essentially lack of legal knowledge—is not sufficient to warrant equitable tolling. *Socha*, 763 F.3d at 685 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013)).

Second, and perhaps more fundamentally, Mr. Meade simply was not "diligent" in pursuing his rights. The Court will assume, *arguendo*, that he was diligent during the months between the Wisconsin Court of Appeals' rejection of his *Knight* petition and his filing a later post-conviction motion. Even so, Mr. Meade has not offered *any* explanation for the full year that passed between the Wisconsin Supreme Court's rejection of his appeal of that later post-conviction motion and his filing the federal habeas petition that is now before the Court. Accordingly, because Mr. Meade cannot show diligence or an extraordinary impediment, the Court is obliged to conclude that he is not entitled to equitable tolling.

He also is not entitled to the actual innocence gateway. To be sure, he has not even argued that he is. But, even if he had, he clearly has not

Page 5 of 9

Case 2:15-cv-01396-JPS   Filed 03/31/16   Page 5 of 9   Document 20

presented any "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial," *Schlup*, 513 U.S. at 316, such that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," *House*, 547 U.S. at 537. Simply put, there is no such argument nor any evidence before the Court (not to mention that the evidence against Mr. Meade was strong (*see* Docket #13, Ex. 3)), and so the Court will not allow Mr. Meade's petition to escape its untimeliness through the actual innocence gateway.

For all of these reasons, the Court is obliged to deny Mr. Meade's petition as untimely.

That leaves Mr. Meade's recently-filed "Petition for Writ," which is, essentially, a second habeas petition, raising a new claim that stems from Mr. Meade's participation in Wisconsin's Sex Offender Treatment program. (Docket #14). One component of that program is a requirement that Mr. Meade "admit fully to the crimes and to all of the elements within the criminal complaint associated to the crime(s)," and failure to do so may result in re-incarceration. (*See* Docket #14 at 2). Mr. Meade argues that this requirement violates his Fifth Amendment right against self-incrimination, and cites to *State ex rel. Tate v. Schwartz*, 2002 WI 127, ¶¶ 18, 217 Wis. 2d 40, 654 N.W.2d 438, which held that such was the case when the subject of the admission requirement has an appeal pending or a motion to modify his or her sentence. (Docket #14 at 2–3).

Even if this more recent "Petition for Writ" was properly before the Court as a non-successive petition, the Court still could not review the claim that it contains, because it has not been exhausted in Wisconsin's state court system. *See, e.g.*, 28 U.S.C. § 2254(b). Nor is there any indication of "an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B).

Indeed, Mr. Meade should be able to raise his *Tate* defense in a hearing before the Wisconsin courts if he is ever revoked. *See Tate*, 2002 WI 127 ¶¶ 2, 17–22 (taking place in the context of a review of revocation proceedings). Accordingly, the Court is also obliged to deny Mr. Meade's "Petition for Writ."

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Meade must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. As the Court discussed extensively above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. Reasonable jurists would not disagree about the Court's procedural rulings that Mr. Meade's initial petition is untimely and his later "Petition for Writ" contains an unexhausted claim. As a consequence, the Court must deny a certificate of appealability as to Mr. Meade's petition.

Finally, the Court closes with some information about the actions that Mr. Meade may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). It should also be noted that because this court denied a certification of appealability, Mr. Meade must seek one from the Seventh Circuit. Fed. R. App. P. 22(b). Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

IT IS ORDERED that, the Court having determined that Mr. Meade's petition for a writ of habeas corpus (Docket #1) is untimely, that petition (*id.*) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that, as a result of the failure to exhaust, 28 U.S.C. § 2254(b), Mr. Meade's "Petition for Writ" (Docket #14) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice; and

IT IS FURTHER ORDERED that a certificate of appealability be and the same is hereby DENIED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge